United States District Court
Middle District of Florida
Jacksonville Division

**BRIAN KEITH KOEHLER,**

    *Plaintiff,*

V.                                                                                              NO. 3:17-CV-302-J-20PDB

**STATE OF FLORIDA ET AL.,**

    *Defendants.*

## Report & Recommendation

Using the form complaint for bringing a civil action without a lawyer and proceeding in forma pauperis ("IFP") under 28 U.S.C. § 1915, Brian Koehler sues the State of Florida, Florida Governor Rick Scott, Florida Circuit Judge Henry Davis, former Duval County Sheriff (current United States Representative) John Rutherford, and former Florida Governor Jeb Bush. Doc. 1. In the jurisdictional section, he writes, "Bradey[1] [sic] violation of fasle inpriosnment [sic]." Doc. 1 at 3. In the amount-in-controversy section, he writes, "25,000,000.00." Doc. 1 at 4. In the statement-of-the-claim section, he writes, "The plantiff [sic] has sevred [sic] 15 years when state had another suspect and DNA evdince [sic] that was never tested to prove guilt." Doc. 1 at 4. In the relief section, he writes, "Have record of all felony taken off his record and pay for lost time with family." Doc. 1 at 4. He provide no other details.

28 U.S.C. § 1915(e)(2)(B) provides that a court must dismiss an action by a plaintiff proceeding in forma pauperis if at any time the court determines the action

---

[1] In *Brady v. Maryland,* the United States Supreme Court held "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." 373 U.S. 83, 87 (1963).

is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

To decide if a pro se, in forma pauperis complaint fails to state a claim on which relief may be granted, a court must construe the complaint liberally and apply the Federal Rule of Civil Procedure 12(b)(6) standard. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To survive dismissal under that standard, the complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Even construing the complaint liberally in light of Koehler's pro se status, the complaint fails to satisfy the pleading standard. The allegations are threadbare and amount only to legal conclusions devoid of factual allegations.

Under Federal Rule of Civil Procedure 15(a), a court should freely allow a plaintiff to amend his complaint if justice so requires. If a more carefully drafted complaint might state a claim, a litigant proceeding without a lawyer must be given at least one chance to amend the complaint before the court may dismiss it with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). But dismissal with prejudice is appropriate if granting leave to amend would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Granting leave to amend would be futile if the complaint as amended would still be properly dismissed. *Id.*

Given the parties sued (the State of Florida, the state-court judge, and various local or state officials), the allegation (a *Brady* violation resulting in imprisonment), and the type of relief sought (clearing Koehler's record and paying him damages for lost time with his family), it is clear amendment would be futile.

State-court records indicate that, in 2001, Koehler was arrested and charged

2

with lewd or lascivious molestation of a child under 12 years old.[2] *See State v. Koehler*, Case No. 16-2001-CF-012068-AXXX-MA (Fla. 4th Jud. Cir. Ct.). He pleaded guilty, his sentence was suspended, and he was placed on probation for two years. Docs. 47–56 (No. 16-2001-CF-012068). He later was arrested based on an alleged probation violation, and the court found him in violation, revoked his probation, and sentenced him to serve seven years in prison. Docs. 100, 106, 149–55 (No. 16-2001-CF-012068). In 2003, he appealed and filed a motion for examination of DNA evidence and to preserve evidence. Docs. 172, 178–79, 181 (No. 16-2001-CF-012068). The court denied a motion for post-sentencing DNA testing, and he appealed. Docs. 190–94 (No. 16-2001-CF-012068). For more than a decade, he filed motions to vacate the judgment and sentence, motions for DNA testing, and appeals, all of which have been unsuccessful. Docs. 195–309 (No. 16-2001-CF-012068). His final appeal was dismissed in December 2016, Docs. 301–02, 309 (No. 16-2001-CF-012068), three months before he filed this case.

Besides state remedies, Koehler has pursued federal remedies. In 2005, he filed a habeas petition alleging the molestation conviction was unconstitutional because the state failed to disclose favorable evidence and failed to perform DNA testing despite that law enforcement "confirmed that someone e[ls]e was mention[ed] to have sexually ass[au]lted others." *Koehler v. Sec'y, Fla. Dep't of Corr.*, No. 3:05-cv-224-J-25MCR, Doc. 1. In 2005, after twice granting extensions of time to pay the $3 filing

---

[2]At any stage of a case and on its own, a court may judicially notice a fact that cannot be reasonably disputed because it either is generally known or can be readily and accurately determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)–(d). In deciding whether to dismiss a case, a court may judicially notice information about a state case from the state court's database. *Crenshaw v. City of Defuniak Springs*, No. 3:13-cv-50/MCR/EMT, 2014 WL 667689, at *3 n.1 (N.D. Fla. Feb. 20, 2014) (unpublished) (citing cases); *see Boyd v. Georgia*, 512 F. App'x 915, 917 (11th Cir. 2013) (court properly judicially noticed on its own the online record of related state-court criminal proceeding as basis for dismissing plaintiff's civil rights complaint).

Here, the Court may judicially notice the underlying state proceedings and federal habeas proceedings because they can be readily and accurately determined from sources whose accuracy cannot reasonably be questioned (the state and federal docket sheets).

fee, the Court dismissed the petition without prejudice for failure to pay the fee. Docs. 4, 5, 6, 7, 9 (No. 3:05-cv-224).

In September 2005, Koehler filed a new habeas petition alleging the same claim. *Koehler v. Attorney Gen., State of Fla.*, No. 3:05-cv-883-J-32MMH, Doc. 1.[3] In March 2006, he amended the petition, Doc. 18 (No. 3:05-cv-883), and, in August 2006, the Court denied the petition with prejudice, Doc. 31 (No. 3:05-cv-883). The Court held Koehler had failed to comply with the one-year limitations period in 28 U.S.C. § 2244 for challenging a state-court conviction; even assuming for the sake of argument that the petition was timely, he had not fairly presented his claim to the state courts; and, even assuming for the sake of argument he properly exhausted the claim in state court, the claim lacked merit. Doc. 31 at 3–5 (No. 3:05-cv-883).

In January 2010, Koehler filed another habeas petition alleging the same claim. *Koehler v. Sec'y, Dep't of Corr.*, No. 3:10-cv-76-J-32TEM, Doc. 1. After taking judicial notice of his 2005 petition, the Court dismissed the new petition without prejudice because it was an unauthorized second or successive petition and it appeared he was no longer in custody on the challenged conviction. Doc. 3 (No. 3:10-cv-76).

To the extent Koehler again seeks habeas relief through his latest complaint, dismissal without prejudice is warranted for the same reason.

To the extent Koehler seeks removal of the state felony conviction from his

---

[3]The same day, Koehler filed a separate habeas petition challenging his violation of probation. *See Koehler v. Sec'y Fla. Dep't of Corr.*, No. 3:05-cv-884-J-99TEM, Doc. 1 (M.D. Fla. Sept. 16, 2005). The Court dismissed the petition without prejudice because he had "fail[ed] to set forth any grounds to challenge the violation of probation." Doc. 4 (No. 3:05-cv-884).

In October 2005, Koehler filed an amended habeas petition, which was erroneously docketed as a new case. *See Koehler v. Sec'y, Fla. Dep't of Corr.*, No. 3:05-cv-1027-J-25MCR. Later that month, the Court dismissed that case. Doc. 4 (No. 3:05-cv-1027).

4

record by some other means, dismissal without prejudice is warranted because, under the *Rooker-Feldman* doctrine, this Court is without jurisdiction to otherwise review the state felony conviction.[4]

To the extent Koehler seeks damages under 42 U.S.C § 1983[5] against the State of Florida, Governor Scott, and former Governor Bush in their official capacities, dismissal with prejudice is warranted because neither a state nor its officials sued in their official capacities are "persons" subject to § 1983 liability for damages, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and they are absolutely immune from § 1983 liability for damages, *see Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1511–13 (11th Cir. 1986).

To the extent Koehler seeks damages under § 1983 against Judge Davis based on actions he took in the state criminal case, dismissal with prejudice is warranted because a state judge is absolutely immune from § 1983 liability for damages for an act taken in his judicial role if not done in the clear absence of all jurisdiction, *see Pierson v. Ray,* 386 U.S. 547, 553–55 (1967), and "will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his

---

[4]The *Rooker-Feldman* doctrine prohibits federal district courts from exercising appellate jurisdiction over state judgments. *Vasquez v. YII Shipping Co., Ltd.*, 692 F.3d 1192, 1195 (11th Cir. 2012). The doctrine "is confined to … cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In a single case, a federal district court may have subject-matter jurisdiction over some claims but, based on *Rooker-Feldman*, not others. *See, e.g., Fortson v. Georgia*, 601 F. App'x 772, 773–74 (11th Cir. 2015).

Koehler lost in state court; he complains about an injury caused by the state judgment (his felony record); he invites the Court to review and reject the state judgment (by seeking removal of his convictions); and the state court rendered the judgment before he brought this case, see Doc. 1 at 4 (indicating he had served 15 years in prison before filing the complaint).

[5]Section 1983 provides a federal cause of action against any person who, acting under the color of state law, deprives a person of a federal right.

authority," *see Stump v. Sparkman*, 435 U.S. 349, 356−57 (1978) (quoted).

To the extent Koehler seeks damages under § 1983 against any of the defendants in any capacity, dismissal with prejudice is warranted under *Heck v. Humphrey*, 512 U.S. 477 (1994).[6] (And to the extent he could bring anything that would not face a *Heck* bar, he almost certainly would face a statute-of-limitations bar).[7]

---

[6]In *Heck*, the Supreme Court held a plaintiff cannot bring a § 1983 claim for damages if judgment in his favor necessarily would imply the invalidity of a state conviction unless he shows the conviction had been reversed, expunged, declared invalid, or questioned by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 486−87. It concluded a "§ 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489–90. If the factual basis for a plaintiff's § 1983 claim inevitably undermines his conviction, dismissal based on *Heck* is warranted. *Towbridge v. Tacker*, 488 F. App'x 402, 404–05 (11th Cir. 2012). A claim of a *Brady* violation "necessarily yields evidence undermining a conviction" because "*Brady* evidence is, by definition, always favorable to the defendant and material to his guilt or punishment." *Skinner v. Switzer*, 562 U.S. 521, 536 (2011). Thus, such claims are "outside the province of § 1983." *Id.*

To protect an absolutely immune defendant from future suit on the same facts, a court should decide an absolute-immunity issue before dismissal based on *Heck*. *See Abella v. Rubino*, 63 F.3d 1063, 1065 n.3 (11th Cir. 1995). Because the State of Florida, its officers in their official capacities, and Judge Davis are absolutely immune from § 1983 liability, dismissal of the claims against them with prejudice on that basis is warranted.

[7]State law governs the limitations period for a § 1983 claim, and a § 1983 claim is "best characterized" as a personal-injury claim. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). If "state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). Florida law provides multiple statutes of limitations for personal-injury claims, and a residual limitations period of four years. Fla. Stat. § 95.11(3)(p). The limitations period accrues when the plaintiff has reason to know of his injury and who inflicted it. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).

Koehler has been complaining about his state molestation conviction for more than a decade, including raising a claim concerning DNA evidence as early as 2003.

I recommend dismissing without prejudice Koehler's claim concerning removal of information from his criminal record; dismissing with prejudice Koehler's claim for damages against the defendants; and directing the Clerk of Court to close the case.[8]

**Entered** in Jacksonville, Florida, on November 9, 2017.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Brian Keith Koehler
2316 Herschel Street
Jacksonville, FL 32204

---

[8]"Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Besides any objection to this report and recommendation, Koehler should respond to the final order to show cause entered on November 2, 2017, Doc. 14.